AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| PAUL BELTRAN (1) | Case Number:  3:23-CR-00379-LAB |

Russell Sheridan Babcock
*Defendant's Attorney*

**USM Number**  08558-506

☐  –

**THE DEFENDANT:**

☒  pleaded guilty to count(s)  1 of the Information

☐  was found guilty on count(s) _____
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 31:5332(a) and (b); 31:5332(b)(2) - Bulk Cash Smuggling; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through **4** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ is  dismissed on the motion of the United States.

☒  Assessment : $100.00
    –

☐  JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine      ☒  Forfeiture pursuant to order filed   7/31/2023  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 7, 2023
Date of Imposition of Sentence

*/s/ Larry A. Burns*
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Paul Beltran (1) | Judgment - Page **2** of **4** |
| CASE NUMBER: | 3:23-CR-00379-LAB | |

# PROBATION

The defendant is hereby sentenced to probation for a term of:
Five (5) years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Paul Beltran (1) | Judgment - Page **3** of **4** |
| CASE NUMBER: | 3:23-CR-00379-LAB | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. As an alternative to employment as described in this condition, the defendant may seek and maintain full time schooling or a combination of employment and schooling.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| | | |
|---|---|---|
| DEFENDANT: | Paul Beltran (1) | Judgment - Page **4** of **4** |
| CASE NUMBER: | 3:23-CR-00379-LAB | |

## SPECIAL CONDITIONS OF PROBATION

1. Defendant may travel abroad with prior permission of the court or probation officer.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.
4. Provide complete disclosure of personal and business financial records to the probation officer as requested.
5. **"Pursuant to 18 U.S.C. §3563(b)(10), defendant is to serve intermittent confinement from Friday 6PM to Sunday 12PM for 10 consecutive weekends." Court orders defendant to report to designated facility by 9/8/2023.**
6. The court will consider early termination of probation in two or three years.

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL BELTRAN,<br><br>　　　　　　Defendant. | Case No.  23CR379-LAB<br><br>ORDER OF CRIMINAL FORFEITURE |

　　　　WHEREAS in the Information the United States sought forfeiture of all right, title, and interest in all specific properties of Defendant PAUL BELTRAN ("Defendant"), pursuant to Title 31, United States Code, Section 5332(b)(2), as the property, real and personal, was involved in the offense set forth in Count 1 of the Information, a violation of Title 31, United States Code, Sections 5332(a) and (b); and,

　　　　WHEREAS, on or about May 2, 2023, Defendant pled guilty before Magistrate Judge Allison H. Goddard to the offense set forth in Count 1 of the Information, charging the defendant with Bulk Cash Smuggling in or out of the United States in violation of Title 31, United States Code, Sections 5332(a) and (b), consented to the forfeiture allegations of the Information, and agreed pursuant to Title 31, United States Code, Sections 5371(c) and 5332 (a)(1), (b)(2), and (c)(3), to forfeit the following properties seized in connection with this case, including but not limited to the following:

　　　　a.　　$148,848.00 U.S. Currency;

      b.    2022 Audi SQ5 with California License Plate Number 9BFM413; and

WHEREAS, on June 5, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited specific properties and the offenses;

WHEREAS, on or about April 10, 2023, the specific properties were administratively forfeited in the Southern District of California by the Homeland Security Investigations ("HSI") and or Immigration and Customs Enforcement ("ICE"); and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

According, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title, and interest of Defendant PAUL BELTRAN in the following properties are hereby forfeited to the United States:

    a.    $148,848.00 U.S. Currency; and

    b.    2022 Audi SQ5 with California License Plate Number 9BFM413.

2. The Court reaffirms the completed administrative forfeiture proceedings as to the aforementioned assets and therefore no ancillary proceedings or further forfeiture actions are required in this case.

3. This order shall be incorporated and included as a part of the judgment in this case when Defendant is sentenced.

DATED: 7/31/2023

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge